IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>**WILLIE DAVID APPLEWHITE,**<br><br>  Defendant. | Case No. 6:08-cr-60037-MC<br>& No. 6:92-cr-00330-MC-1<br><br>OPINION AND ORDER |

**MCSHANE, Judge**:

Defendant Willie David Applewhite moves the Court to reconsider its Minute Order, ECF No. 87.[1] Upon reconsideration, the Court determines that Mr. Applewhite's medical conditions and post-sentencing rehabilitation do not outweigh the Court's original concerns. For these reasons, Mr. Applewhite's Motion to Reconsider, ECF No. 88, is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

---

[1] Mr. Applewhite also moved the Court for a sentence reduction on his supervised release violation. *See United States v. Applewhite*, Case No. 6:92-cr-00330-MC-1, ECF No. 63. Because both cases were addressed at the evidentiary hearing and the issues raised in both motions are identical, any references to court documents correspond to the docket for Case No. 6:08-cr-60037-MC.

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court must also consider whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may thus reduce Mr. Applewhite's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. Applewhite is no longer a danger to the community. *United States v. Bunnell*, 2019 WL 6114599, at *1.

## **DISCUSSION**

At the age of 69, Mr. Applewhite was sentenced to 151 months and a consecutive 24-month term for violating his supervised release by committing unarmed bank robbery. At the time of his sentencing, Mr. Applewhite suffered from high blood pressure and an aortic aneurysm. The aortic aneurysm has continually grown and is inoperable because it may rupture during surgery. While incarcerated, Mr. Applewhite was also diagnosed with chronic obstructive pulmonary disease, Hepatitis C, and pre-glaucoma. Mr. Applewhite originally sought compassionate release through the Bureau of Prisons ("BOP") and was denied after BOP determined that he did not meet the

criteria for a Terminal or Debilitated Medical Condition. Because he had exhausted his administrative remedies, Mr. Applewhite moved this Court directly for a sentence reduction.

Mr. Applewhite also requested an evidentiary hearing that he could attend, which the Court held on December 19, 2019. Before the evidentiary hearing, Mr. Applewhite was transferred to prelease custody at a residential reentry center. Mot. for Or. to Vacate Writ of Habeas Corpus Ad Testificandum 1–2, ECF No. 97. This change in circumstance did not alter any arguments presented by the parties, because Mr. Applewhite insisted that a sentence reduction would allow him to seek alternative health care options currently unavailable to him while in BOP control. The Government continued to oppose the motion on the grounds discussed below.

At present, Mr. Applewhite is 80 years old, has experienced a serious deterioration in physical health because of the aging process, and has served at least 10 years of his prison term. Because the Government conceded that the critical issue was not whether Mr. Applewhite met the "extraordinary and compelling reasons" criteria listed in the Policy Statement, the Court will assume he does. *See* United State's Resp. to Def. Mot. for Recons. 3, ECF No. 4; U.S.S.G. § 1B1.13, cmt. n.1(B). Thus, the only question is whether Mr. Applewhite remains a danger to the community.

When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which includes: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion

of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019). The Government notes that Mr. Applewhite was sentenced for robbery in 1962, 1971, 1976, 1980, 1984, 1992, and 2008. For five of these robberies, Mr. Applewhite committed them within six months of being released from prison and while still on supervised release, including the most recent one in 2008. The Government also argues that because Mr. Applewhite was nearly 70 years old during his most recent robbery attempt, the risk of recidivism is still present despite his age.

The Court finds the Government's argument persuasive. Mr. Applewhite committed the present offense at an advanced age while on supervised release and his medical ailments, while serious, does not render him incapable of attempting another robbery in the future. The Court acknowledges that Mr. Applewhite has been a model inmate but is unconvinced that such behavior warrants an abrupt departure from his current sentence. Instead, the Court finds that the current living situation and sentence provides Mr. Applewhite the greatest chance for success and that extraordinary and compelling reasons for a sentence reduction are not present. *See United States v. Bunnell*, 2019 WL 6114599, at *2.

Relatedly, Mr. Applewhite argued that compassionate release is like pretrial detention in that "the burden of persuasion to demonstrate that no conditions will [reasonably] assure the safety of the community remains *at all times with the government*." Mot. for Recons. 9. The Government disagreed, arguing that Mr. Applewhite maintained the burden of proving eligibility for compassionate release. United States' Resp. to Def. Mot. for Recons. 4. Another district court in this circuit agreed with the Government's position. *See United States v. Bunnell*, 2019 WL 6114599, at *1 ("Thus, to be eligible for a reduced sentence, *Defendant must demonstrate both* the existence of extraordinary and compelling reasons and that he is not a danger to the community."

(emphasis added)). Even if the Court were to assume that the burden shifts from Mr. Applewhite to the Government after he shows that "extraordinary and compelling reasons" are present, the Court believes the Government met their potential burden by discussing Mr. Applewhite's criminal history.

In the alternative, Mr. Applewhite requested that the Court make a judicial recommendation to the BOP to provide Mr. Applewhite maximum available time in community corrections. Mot. to Recons. 12. Because Mr. Applewhite is living in a residential re-entry center, such a request is no longer necessary.

## **CONCLUSION**

For these reasons, Mr. Applewhite's Motion to Reconsider, ECF No. 88, is DENIED.

IT IS SO ORDERED.

DATED this 13th day of January, 2020.

                                               **s/Michael J. McShane**
                                               Michael J. McShane
                                               United States District Judge